**IN THE COURT OF APPEALS OF IOWA**

No. 20-0832
Filed September 2, 2020

**IN THE INTEREST OF K.O.,**
**Minor Child,**

**A.O., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District
Associate Judge.

A father appeals the termination of his parental rights to a child.
**AFFIRMED.**

Thomas Hurd of Law Office of Thomas Hurd, Des Moines, for appellant
father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant
Attorney General, for appellee State.

Sarah Elizabeth Dewein, Urbandale, attorney and guardian ad litem for
minor child.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to a child born in 2018. He contends (1) "[t]he District Court failed to apply the clear and convincing evidence standard when finding the underlying facts in its decision to terminate parental rights as required by Iowa Code 232.117(2) and (3)" (2019) and (2) the State failed to prove "a nexus between [his] struggles and his ability and willingness to be a safe parent." The State responds that this court lacks jurisdiction because the notice of appeal was not timely filed.

We begin with the jurisdictional issue. "A notice of appeal from a final order or judgment entered in Iowa Code chapter 232 termination-of-parental-rights or child-in-need-of-assistance proceedings must be filed within 15 days after the filing of the order or judgment." Iowa R. App. P. 6.101(1)(a). The father's notice of appeal was concededly not filed within that time period, and counsel agreed the omission was his error.

In the wake of the error, counsel moved for a delayed appeal. The State filed a resistance and motion to dismiss. The supreme court ordered the motions submitted with the appeal.

After reviewing the motion and affidavits filed by the father and his attorney, as well as the State's response, we exercise our inherent authority to grant the motion for delayed appeal. See *In re C.J.P.*, No. 15-1814, 2016 WL 5930836, at *2 (Iowa Ct. App. Oct. 12, 2016) ("Our court has held the inherent power to grant a delayed appeal extends to termination of parental rights cases under chapter 232." (citing *In re A.B.*, No. 99-0227, 1999 WL 976097, at *3 (Iowa Ct. App. Oct. 27, 1999))). We proceed to the merits.

As noted, the father preliminarily contends the district court failed to apply the "clear and convincing" standard to its fact findings. We are unpersuaded by the argument because it is not the district court's obligation to apply the standard but the State's obligation to prove the grounds for termination by that standard. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (quoting *In re J.W.D.*, 456 N.W.2d 214, 217 (Iowa 1990)). The father's attorney conceded as much, asserting in his opening statement to the district court that "the burden is on the State to prove by clear and convincing evidence that the child cannot be returned to the home of" the father.

We turn to the father's second argument, which is essentially a challenge to the evidence supporting the ground for termination cited by the district court. That ground, Iowa Code section 232.116(1)(h), requires proof of several elements, including proof the child cannot be returned to parental custody.

There is little dispute about the facts. The child tested positive for cocaine at birth. The child's mother had a history of substance abuse.[1] The father was a registered sex offender as a result of a conviction for aggravated criminal sexual abuse of a child between the ages of thirteen and sixteen. He lived with the child's mother, in contravention of a requirement precluding contact with children. He also had several convictions for assault causing injury, and the record is replete with evidence of assaults he committed on the child's mother and on other women with whom he lived. The father's criminal history also includes several convictions for operating while intoxicated.

---

[1] The district court terminated her parental rights, and she has not appealed.

The State sought and obtained the child's removal from parental care. The child remained out of the father's care throughout the child-in-need-of-assistance and termination proceedings.

At the time of the termination hearing, the father was jailed on new charges. He appeared at the hearing but did not testify. The department social work supervisor overseeing the case reported that the father "had minimal interactions with [the child] due to his incarceration throughout this case." She noted that he "ha[d] been in and out of custody" and was "not available to parent [the child] and ha[d] not demonstrated his parental capacity to safely care for his child." The supervisor expressed concern that "his underlying substance abuse needs [were not] addressed and he [was] at continued risk of abuse of substances." She concluded that "it [was] not reasonably likely that" he would "adequately address" his "mental health, substance abuse, domestic violence or parenting needs" or "successfully demonstrate the stability" needed for the child. A court appointed special advocate expressed similar concerns. She noted that the father "blew positive" on a preliminary breath test "and then fled" and he was "incarcerated four times in the [previous] six months." She recommended termination of his parental rights.

On our de novo review, we agree with the district court's determination that the father "continues to struggle with violence, substance abuse, criminality, incarceration, and instability." We also conclude that the State established the requisite nexus between the father's behaviors and his ability to parent the child and have the child returned to his custody.

**AFFIRMED.**